THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, *v.* ANTOLINE LABRA, ANTONIO SALGADO, JOAQUIN ARRIETA, and others, Appellants.

When an accomplice, or co-defendant in a criminal action under the statute of this State, elects to be tried separately, he is a competent witness for the other defendants charged with the same offense, the credibility of his testimony being left to the jury.

APPEAL from the Court of Sessions of Monterey County.

The facts material to the points decided appear in the opinion of the Court.

*Geo. W. Crane*, for Appellants, in support of the appeal cited Comp.

L., p 469.   Whart. Am. Crim. L., 303.   2 Stark on Ev., 22.   6 Mo.,
1.   1 Kelly, 617.

*J. R. McConnell,* (Attorney General,) for the People, cited no
authorities.

BRYAN, J., delivered the opinion of the Court.   MURRAY, C. J.,
concurred.

The record in this cause, as sent to us, although somewhat imperfect,
discloses that the defendants were indicted for grand larceny, being
charged with stealing two horses of the value of one hundred and fifty
dollars, the property of one Guadalupe Soberanes.   Upon the trial one
Salgado, a party jointly indicted with the defendants, was offered as a
witness for his co-defendants, having first elected to be tried separately—
the defendants' counsel expecting to show by him that the defendants
were not present at the taking of the horses, and that they were not
connected with the driving away of the same.   The Court below re-
fused to allow Salgado to testify, to which refusal an exception was
taken at the trial.

Upon page 469 Compiled Laws of California, section 367, it is pro-
vided, " Where two or more defendants are jointly indicted for a felony,
any defendant requiring it shall be tried separately."   And in the fol-
lowing section—" Where two or more persons are indicted in the same
indictment the Court may at any time before the defendant has gone
into the defense, on the application of the District Attorney, direct
any defendant to be discharged from the indictment, that he may be a
witness for the people."

The more ancient authority, as to the competency of an accomplice
or co-defendant, to testify to other defendants indicted, would seem to
deny that he should be permitted to testify unless discharged by the
State.   But in many of those States where separate trials are permitted
to each defendant, the doctrine has been held otherwise.   It would seem
not only reasonable, but just, that the Legislature in allowing defend-
ants to sever in their defenses, intended by this method to provide
against the hazard of an innocent man being prejudiced or injured in
his defense, by evidence of the guilt of his companions in Court.

It might not unfrequently happen that the guilty man, troubled in

his conscience, knowing that innocent persons were arraigned with him under the same indictment, and were likely to suffer, should desire to testify to their innocence, even although he was forced to criminate himself. The fact of all being arraigned together under the same indictment, where the offense was of such a character as to be susceptible of commission by one, should be no objection, where one has elected to be tried separately, in obtaining his testimony in behalf of his co-defendants. The jury would have the witness before them, and could test the credibility by his manner, and the consistency of his story.

In Tennessee, see Moffitt v. State, 2 Humph. In Missouri, see Garrett v. State, 6 Mo., and in United States v. Henry, 4 Wash. C C. Reports, 228, it has been held that an accomplice is a competent witness, and may be examined, if he is willing, for his co-defendants in the same indictment, if tried separately or if he has pleaded guilty, or been separately convicted, and judgment has not been rendered.

In the case of Jones v. The State of Georgia, 1 Ga., 617, it was *held* that an accomplice who had severed in his defense, was to be treated for the purposes of the trial, as if separately indicted for the same offense.

The Judge who delivered the opinion, well says that "We the more readily adopt this rule because it will have the effect to abolish a very pernicious practice which prevails in our Courts of including all persons who were present at the commission of an offense, in many cases, whether guilty or not, in the indictment, for the purpose of excluding their testimony. Besides it will open the door to the investigation of truth, leaving the jury to judge of the *credit* to which they may think the witness entitled."

An accomplice who is separately indicted for the same offense, may be called as a witness to prove the innocence of the prisoner. 1 Ch. Crim. Law, 605. Roscoe's Com. Ev., 118.

I therefore conclude that when an accomplice or co-defendant in a criminal action under our statute elects to be tried separately he is a competent witness for the other defendants, charged with the same offense, the credibility of his testimony being left with the jury.

The Court therefore erred in refusing to allow Salgado to testify, he having elected to be tried separately. The judgment of the Court below is therefore reversed, and the cause remanded for new trial.