## THE PEOPLE v. NEWBERRY.

WHERE two persons are jointly indicted for the commission of a felony, and are tried separately, each of the defendants is a competent witness for his codefendant.

*People* v. *Labra* (5 Cal. 183) affirmed.

M. and N. were indicted jointly for murder—M. as principal and N. as accessory— the indictment showing in its statement of the commission of the offense that N. was an aider and abettor, and as such charged as accessory.   The principal was first tried and convicted of manslaughter, and N. on his trial introduced the record of this conviction and moved thereon for his discharge, on the ground that there could be no accessory to manslaughter:  *Held*, that the record had no such effect; that under our statute an accessory who is charged as an aider and abettor may be convicted, although the principal be acquitted.

*People* v. *Bearss* (10 Cal. 68) affirmed.

APPEAL from the Sixth Judicial District.

The facts are stated in the opinion.

*J. W. Coffroth* and *F. McConnell*, for Appellant.

I.   There can be no accessory to the commission of the offense of manslaughter; and upon production of the record of conviction of the principal of that offense, defendant should have been dis-

charged.   (3 Greenleaf on Ev. sec. 43 ; 1 Russel on Crimes, 32, 33 ; 4 Bl. Com. 35 ; Roscoe's Cr. Ev. 218 ; 1 Hale, P. C. 347, 450 ; *People* v. *Denman*, 7 Humph. 148.)

II.   The principal, who had been tried and convicted on a separate trial, was a competent witness for his codefendant.   (*People* v. *Labra*, 5 Cal. 183 ; *Coun* v. *Sayer*, 10 Grat. 708 ; *State* v. *Jones*, 1 Geo. 617 ; *United States* v. *Henry*, 4 Marsh, C. C. Rep. 228.)

*Attorney General*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The defendant and one Adam Murray were indicted for murder ; the latter as principal in the commission of the offense, and the former as accessory.   The parties elected to be tried separately, and Murray was convicted of manslaughter.   (Crim. Prac. Act, Sec. 367.)   On the trial of Newberry, Murray was offered as a witness, but upon objection of the District Attorney was excluded on the ground of incompetency.   The record of the conviction of Murray was then introduced, and the discharge of the defendant moved on the ground that there could be no accessory to manslaughter ; but the motion was overruled.   These rulings of the Court are assigned as error, and constitute the grounds urged for a reversal of the judgment.

The competency of a defendant as a witness for his codefendant, in the same indictment, where the charge is the commission of a felony, and the parties are tried separately, was considered and settled in the case of the *People* v. *Labra*, (5 Cal. 183) and we perceive no reason for questioning the correctness of the rule there established.   The Court erred, therefore, in excluding Murray as a witness for the defendant.   (See *Moffit* v. *State*, 2 Hump. 99 ; *Garret* v. *State*, 6 Mo. 1 ; *Jones* v. *State*, 1 Kelly [Geo.] 610, and *United States* v. *Henry*, 4 Wash. Cir. Ct. 428.)

This view of the first error disposes of the appeal, and entitles the appellant to a reversal of the judgment.   It is proper, however, to observe with respect to the second error assigned, inasmuch as a

similar motion for the discharge of the defendant will otherwise undoubtedly be made on the second trial, that it is answered by the statute, and the case of *The People* v. *Bearss* (10 Cal. 68). As we said in that case : " By the eleventh section of the act concerning crimes and punishments, the distinction existing at common law between principals of the first and second degree is abolished ; and the distinction between them and accessories *before* the fact is also abolished, so far as such distinction is capable of abolition. Persons standing by and aiding, abetting or assisting, and persons not present who have advised and encouraged the perpetration of the crime, are designated as accessories, ' and shall be deemed and considered,' says the statute, ' as principals, and punished accordingly.' As principals, they may be indicted and tried together, or separately, and either may be convicted or acquitted without reference to the previous conviction or acquittal of the other. At common law, an accessory before the fact could not be tried or convicted without the previous trial and conviction of the principal. The acquittal of the principal discharged the accessory, who could not be afterwards tried, no matter how conclusive the subsequently discovered proof. might be of the principal's guilt." * * " But at common law no such rule prevailed in reference to aiders and abettors. They might be convicted, though the chief actors or principals in the first degree had been acquitted. The statute of this State has not altered the law in this respect." In the present case, Newberry, though designated by the statute as an accessory, was in fact an aider and abettor, and is indicted as such in the commission of the offense.

Judgment reversed, and cause remanded for a new trial.