*Modified.*

# CHARLESTON.

SHANK *et al. v.* TOWN OF RAVENSWOOD.

Submitted January 15, 1897—Decided March 31, 1897.

1. APPEAL—*Exceptions—Plea—Waiver.*
     If a plea be rejected, and no exception is made, it will not be considered in this Court.   (p. 243.)

2. TOWN BOUNDARIES—*Town Council—Construction of Statute.*
   The duty of a town council under section 48, chapter 47,
   Code 1891, to submit the question of a change of boundary to
   a vote, is mandatory, not ministerial or discretionary, if such
   petition as it prescribes is presented.   (p. 244.)

3. JURISDICTION OF TOWN COUNCIL—*Record—Collateral Attack.*
   In the case of an inferior court, board, or body, required to
   keep a record, the facts essential to give it jurisdiction must
   appear in its proceedings, else its action will be void and
   open to attack callaterally; but, if its record state such facts,
   its jurisdiction will not be open to attack, nor can such facts
   be disproven in a collateral proceeding, nor will any error
   appearing therein affect its action.   (p. 245.)

Error to Circuit Court, Jackson county.

Application by C. C. Shank and others for a writ of
*mandamus* against the town of Ravenswood. From a
judgment awarding the writ, the town brings error.

*Affirmed.*

N. C. PRICKITT and C. E. HOGG, for plaintiff in error.

W. A. PARSONS, for defendants in error.

BRANNON, JUDGE:

C. C. Shank and others, under section 48, chapter 47,
Code 1891, presented to the council of the town of Ravens-
wood a petition asking a change in the corporate limits of
the town, as therein specified, and that a vote be had
thereon, which petition was disallowed and rejected by the
council.   Thereupon Shank and others obtained from the
Circuit Court of Jackson a *mandamus nisi* to compel the
council to entertain said petition, and order a vote of the
people upon the change of town limits as therein proposed;
and the case ended in a final judgment awarding a per-
emptory *mandamus* compelling the council so to do, and
the town sued out a writ of error.

A plea was tendered to the writ of *mandamus nisi*, set-
ting up in bar of it, as *res judicata*, a judgment quashing
a former *mandamus nisi* between the parties; but we can-
not consider this plea, or the matter it sets up as *res judi-
cata*, because it is not made part of the record by bill of
exception or order of the court, nor is there any exception
to the court's action on it.   *Hughes* v. *Frum*, 41 W. Va.

445, 452, (23 S. E. 604); *Perry* v. *Horn*, 22 W. Va. 381. I think that, if one except on the record to the rejection of a plea, that will make it a part of the record, without order or bill of exception, as section 9, chapter 131, Code, says he may have the benefit of any error appearing on the record without excepting; that is, without the formal bill once required. *Danks* v. *Rodeheaver*, 26, W. Va. 287. But there must be an exception noted, else the rejection of the plea will be waived. If the complaint is that a plea was improperly allowed, the record must show that it was objected to; and that is sufficient without formal bill, under *Perry* v. *Horn*, *supra*, and *Bank* v. *Kimberlands*, 16 W. Va. 557; *Gilmer* v. *Sydenstricker*, 42 W. Va. 53 (24 S. E. 566).

The petition of Shanks was presented to the council first, and at the same meeting a petition of Leonard and others, asking a vote on a change of boundary, covering all the territory included in the Shanks petition, and some additional territory. It was therefore a different proposition. The Shanks petition was disallowed, and afterwards, at the same meeting, the Leonard petition entertained, and a vote ordered upon it. It is argued that the council had the right to select which petition it would entertain. The Shanks petition was first in time. What was the duty of council? To order a vote upon it. The statute (section 48, chapter 47, Code) is not directory, but mandatory. When a petition such as it prescribes comes before a council, it has the right, as a preliminary or jurisdictional question, to see that five persons who are freeholders have signed it, and that they are freeholders, and that it sets forth with sufficient definiteness the proposed change; but if it is such a petition as the law demands, then, as the law says "the council shall thereupon order a vote," it must do so. This is the mandatory language,—to be held mandatory because there is no question but that the intention is to give the people, on the motion of five freeholders, opportunity to pass upon the change proposed. Great public interest, convenience, and welfare are generally involved in such proceeding, and surely it was never intended to put it in the power of council to lay a veto upon the public right and power involving self-government. All that is required, or intended to be required, to call

into activity this right of the people, is such a petition. Therefore *mandamus* lies. *Summers Co.* v. *Monroe Co.*, 43 W. Va. 207. But it is said there were two competing propositions, and the council could delay this until the other should be put. But it was absolutely rejected, and as it had come first, and had presented the subject matter of a change of boundary, the second should be delayed, rather than the first. In fact, as this Shanks petition first set the powers of the council in motion, I think the council had the power, and was under the duty, to delay the other, because the matter of another change was pending. I will not say the first superseded this Leonard petition, but surely suspended it until after the end of the proceeding upon the Shanks petition. Two clashing proceedings and two votes could not go on at the same time. It is argued here that this second or Leonard petition could have no force as a reason for rejecting the Shanks petition, because only three of the five persons signing it were freeholders. The record of the council declares that all five were freeholders, while the facts agreed show that only three were. This raises an important question. Can we overthrow the fact stated in the order of the council, or is it conclusive on the fact it states? That fact (that is, that five freeholders signed) is a jurisdiction fact, without which the council could not act.

In the case of a court of inferior jurisdiction, and certainly in the case of a town council acting under this act, all facts necessary to give jurisdiction or power to act must appear on the face of the proceeding; and the record can not preserve mere silence on it, as may the record of a court of general jurisdiction. *Mayer* v. *Adams*, 27 W. Va. 244. As the record states this fact, is it conclusive against this attack,—a collateral attack? Of course, it could be denied on the Leonard petition proceeding, but this is a collateral attack made under this *mandamus*. It seems settled that, where the facts essential to give jurisdiction to an inferior or special tribunal of limited authority are shown by its record, the same presumption prevails in favor of its jurisdiction as prevails in favor of the jurisdiction of superior courts of general jurisdiction, and the statement of jurisdictional facts can not be denied upon a collateral attack, nor will its plain errors affect it.

12 Am. & Eng. Enc. Law, p. 274; Bigelow Estop. 66; 1 Herm. Estop. Res Jud. 405; Van Fleet, Coll. Attack, 538; *Morrow* v. *Weed*, 66 Am. Dec. 122; 1 Black, Judgm. § 287. Cannot attack collaterally proceedings of city to annex territory. *City of Terre Haute* v. *Beach*, 96 Ind. 143; *Kuhn* v. *City of Port Townsend* (Wash.) 41 Pac. 923. An inferior court or tribunal of limited jurisdiction must decide on its jurisdiction, or power to act in the matter; and, when its jurisdiction depends on a fact which it is required to ascertain before acting, the decision is held conclusive, if that fact appears in its record. Wells, Jur. § 61. Facts necessary to be shown of record by an inferior tribunal are those facts only without which it has no power to act. 12 Am. & Eng. Enc. Law, p. 274, note 2. It is objected that the Shanks petition does not give definite boundary. It seems very definite in detail,—sufficiently definite for a deed or a declaration in ejectment. In such a matter as this, they need not be so certain, and are treated with more liberality than deeds. *Hamilton* v. *McNeil*, 13 Grat. 389; *Douglass* v. *Town of Harrisville*, 9 W. Va. 163. Judgment affirmed.

*Affirmed.*