# CHARLESTON.

## SMITH *v.* JOHNSON *et al.*

Submitted June 14, 1897—Decided December 11, 1897.

1. JUDGMENT—*Equitable Relief—Evidence.*

    When a defendant, by bill in equity, seeks to nullify a judgment at law obtained against him without service of process, upon unauthorized appearance by attorney, to succeed he must have a clear preponderance of evidence sustaining the allegations of his bill. (p. 285).

2. CONFLICTING EVIDENCE—*Reversal.*

    *Smith* v. *Yoke,* 27 W. Va., 639, Syl. pt. 1; *Bartlett* v. *Cleavenger,* 35 W. Va., 719, Syl. pt. 3; *Richardson* v. *Ralphsnyder,* 40 W. Va., 15, Syl. pt. 2,—approved. (p. 285).

Appeal from Circuit Court, Wood County.

Suit by E. D. Smith against Dave D. Johnson, administrator, and another. From dissolving the injunction granted, plaintiff appeals.

*Affirmed.*

J. W. VANDERVORT, for appellant.
DAVE D. JOHNSON, for appellees.

McWHORTER, JUDGE:

E. D. Smith filed his bill in equity in the circuit court of Wood county, in July, 1896, against Dave D. Johnson, administrator *de bonis non* of the estate of Latimer Bailey, and A. B. Beckwith, justice, praying for an injunction restraining and inhibiting the defendants from all further proceedings in a case then pending before said justice

upon a judgment rendered by the circuit court of Pleasants county against said Smith on the 11th day of March, 1891, in favor of said administrator, and praying that said judgment be canceled, annulled, and set aside. Said judgment was rendered by said circuit court of Pleasants county in an action of trespass on the case instituted in May, 1886, against John R. Smith, Ed Smith, and James Smith. Summons was served on John R. and James Smith, and returned "Not found" as to Ed Smith, and he never was served with summons therein. Afterwards, on the 12th day of October, 1886, it appears from the record that the parties appeared by their attorneys, and the defendants pleaded not guilty; and on the 15th of March, 1887, the parties again came by their attorneys, and for further plea the defendants pleaded the statute of limitations of five years, to which plaintiff replied generally. The case was continued from term to term until the 11th of March, 1891, when it was tried, and the verdict of a jury rendered therein against John R. Smith for eleven dollars and fifty cents and against Ed Smith for two hundred and sixty dollars, and verdict for the defendant James Smith, and judgment thereon rendered accordingly.

Plaintiff Smith alleges in his bill that appearance for him in the case by any attorney was wholly unauthorized; that he had no notice of the suit, and never knew that suit was pending, or that judgment had been rendered against him, until a notice to him from Dave D. Johnson was served on him May 14, 1896, notifying him that, on the first of the then next term of Pleasants circuit court, he would move said court to order execution on said judgment, and afterwards received the summons of Justice Beckwith to appear before him on the 15th of June, 1896, to answer the complaint of said Johnson, administrator, in which he would claim judgment for two hundred and sixty dollars and interest. Defendant Johnson answered the bill, denying the most of the material allegations thereof, alleging that trespass suits were brought against the said several trespassers by the Bailey estate, and that in furtherance of such suits, and as auxiliary thereto, the heirs of said Bailey instituted chancery proceedings, and procured an injunction against the said several defendants, includ-

ing the plaintiff, Ed Smith, to restrain them from trespassing on the real estate, and denied expressly any fraud or mistake in entering the plea of Ed Smith in the trespass case, or that they were entered without his knowledge, but, on the contrary, that he did employ an attorney to defend both said action of trespass and said injunction suit, and did authorize and empower J. B. Jackson and other attorneys with him to enter their appearance for him and the other defendants in said several suits, to plead thereto and defend the same.    J. F. Barron, attorney, was examined on behalf of the plaintiff, Smith, and says he was present at the trial, was employed by John R. Smith, and appeared for neither of the other defendants; that J. B. Jackson, lawyer, had made up the pleadings before witness tried the case; that "there was no attorney in the case in such a way as to help try the action during all the time I was connected with it." It was shown that Ed Smith was not present at the trial of the trespass case. Ed Smith testifies that he never was served with process in the trespass case; that he knew nothing of the suit, never employed any attorney to defend him, was not present at the trial, and had no notice of it; that the first information he had of judgment was the notice served on him in May, 1896; says positively that he did not employ counsel or enter his appearance in the chancery cause against them in the United States court at Parkersburg, and did not make an answer in that cause; says he went to answer, but was not called on, and is just as positive that he did not employ counsel in the case in the United States court as that he did not employ counsel and plead in the trespass case in Pleasants county.    And yet he signed the affidavit to his answer in the chancery cause at Parkersburg prepared by "J. B. Jackson, Sol."    Affidavit to said answer was taken by said Smith before C. P. Barker on the 3d day of October, 1885, a copy of which answer is filed as an exhibit with the deposition on cross-examination of Ed Smith.    Objection is made to the introduction of this or any evidence touching the chancery cause in the United States court at Parkersburg.

I think it is competent to test the recollection of the complainant, Ed Smith, concerning his employment of and

relations to the attorney who put in the pleas for him in the trespass case. He says also that he had a conversation with Col. Daniel D. Johnson about the chancery case at Parkersburg, but did not employ him, and told Johnson he would see him about the matter later; says he heard a lot of talk among the defendants to the chancery suit and the trespass suits about employing counsel, but knew nothing about it, and did nothing in regard to it, and did not recollect being at a meeting they held to employ counsel, and did not recollect of entering into an agreement to employ counsel; said he knew of other people being sued in Pleasants county, and was himself summoned there as a witness in some case; that he went up, got there in the evening. The court had adjourned, and the case in which he was summoned had been disposed of; but he did not know that he had been sued. Defendant Dave D. Johnson testifies: That at the October term, 1886, of Pleasants circuit court, at least nine of the trespsss suits came upon the docket, including the one against John R., Ed and James Smith. That, while there were various attorneys present for the defending parties, the orders were entered by J. B. Jackson for the defendants in every case. He recollects distinctly that J. B. Jackson was the chief spokesman of the counsel who appeared at that first term of the court, and distinctly recollects that Col. Johnson was there in the cases, and he thinks Col. John W. Reed and either D. H. Leonard or J. G. McCluer; at least, there were four or five of the attorneys who all conferred together, and all rested upon the same defense, and J. B. Jackson was the spokesman for all of them. That at the following March term, 1887, J. B. Jackson again appeared, and at that term the statute of limitations was pleaded in some of the cases. At the October term, 1890, Jackson was present as leading counsel in all the cases. Some of the cases were dismissed agreed. A trial by jury was had in at least one case, and the John, Ed and James Smith case was continued on motion of plaintiff; and, at that term, E. D. Smith, plaintiff, was summoned by plaintiff, at instance of deponent, as a witness in case against Barker. That he attended in obedience to said summons, and proved his attendance. At that term the case against

Barker, in which Ed Smith was a witness, was dismissed agreed, and deponent is positive that Ed Smith knew his case had been continued. That at the succeeding term, March, 1891, the few cases that remained on the docket were disposed of. That several of them, including the Smith case, were tried by jury. That J. B. Jackson, Col. Johnson, and J. F. Barron were all present when the cases were first called. That he knows, when they went into the trial of the Smith case, it was with the full understanding of counsel that the suit was being tried against all of the defendants. There was nothing whatever being said about no plea being in as to E. D. Smith, and no objection made as to the suit being tried against them. Counsel appeared, and conducted the defense for all of the defendants. On cross-examination, when asked why he had reason to believe Ed Smith knew of the suit against him at the October term, 1890, when he was summoned in the Barker Case, and was at .St. Mary's, he says: "Those three cases were continued on our motion, and we had a hard fight for a continuance, because we had all gone there with the expectation of ending the Bailey cases. Mr. Ed Smith was there at the time. At all events, they were ready for trial, and we had to fight for a continuance, which we got, and the court compelled us to take a rule for our witness. For that reason the transaction is distinctly in my recollection since I refreshed my mind, and he must have known that the case was continued." But witness is not positive about seeing Ed Smith at the court house, though he thinks "they were all there, and pressing the case, because they were there, and our witnesses were not." Unfortunately, Attorney J. B. Jackson and Col. Johnson are both deceased. Were they living, there would be but little difficulty in getting at the very right of this case.

On the 10th day of February, 1897, the cause was submitted upon the bill and exhibits filed therewith, the answer and exhibits filed with it, general replication to the answer, upon the depositions taken and filed on behalf of both parties, and the former orders made in the cause, and was argued by counsel, and the court took time to consider of its judgment; and on the 12th day of Febru-

ary, 1897, having considered the cause, the court was of opinion that the complainant was not entitled to the relief prayed for in his bill, and accordingly decreed that the injunction awarded be dissolved and the bill dismissed, from which decree the plaintiff appealed to this Court, and assigns the following errors: "First. In not perpetuating the injunction and granting the plaintiff the relief prayed for in his bill in said cause. This was a case to enjoin proceedings upon the judgment rendered by the circuit court of Pleasants county in favor of Dave D. Johnson, administrator, etc., against Ed Smith, for $260, with interest and costs, in an action at law, trespass on the case. There was no appearance for the defendant Ed Smith in that action at law by any attorney that was ever authorized to appear for him. There is no plea filed in that case for any of the defendants, it having been a suit jointly against Ed Smith, John R. Smith, and James Smith. There is a blank special plea filed with the record in this case, but it is signed by no counsel. The evidence taken and appearing in the record in this case shows conclusively the correctness of plaintiff's position,—that there never was any appearance for him authorized in that action at law; that he never had any opportunity to make defense to said action; that he never actually knew of the existence of that suit until March, 1896,—so that the doctrine of laches does not apply to him. Second. The only way by which your petitioner, Ed Smith, could attack the legality of said judgment, was by the proceeding in equity, which is clearly supported by the authorities of this and other states. This is a very different case from one in which process was served on the defendant, or in a case where a defendant was represented by counsel, and attempted in that same action to contest the right of said appearance by counsel; but said judgment in said action at law against Ed Smith was an absolute nullity, and he is now for the first time in a forum where he could contest his legality."

I find no case in which a judgment has been attacked in this State by bill in equity because rendered upon the unauthorized appearance by attorney. Although the rule in New York has been to relegate the defendant to its remedy against the attorney who so appeared without author-

ity, yet, "if the attorney is dead, and his estate settled, the defendant should be let in to defend." *Herberrt* v. *Lawrence*, 21 Civ. Proc. R. 336, (18 N. Y. Supp. 95). "And this though the attorney, before his death, was of sufficient pecuniary ability to respond in damages at the time the judgment was rendered." *Vilas* v. *Railroad Co.*, 123 N. Y. 441, (25 N. E. 941). In *Wandling* v. *Straw*, 25 W. Va., 692, Syl. pt. 1, it is held that "the validity of a judgment of a court of record cannot be collaterally attacked, on the ground that the court had no jurisdiction, unless the want of jurisdiction appears upon the face of the record." And *Id.* Syl. pt. 2: "If it appears by the record that an attorney appeared for the defendant in a court of general jurisdiction, such appearance gives the court jurisdiction of the person of the defendant; and, if the attorney so appeared without his authority, that fact cannot be shown in a defense at law in any action or proceeding upon the judgment, where the same may properly be used as evidence of the right thereby established." JUDGE WOODS, in discussing this question, quotes with approval, as follows: "The maxim of the law is that the judgment of a court of general jurisdiction imports absolute verity, and its truth cannot be questioned, either by showing otherwise than by the record itself that the court had no jurisdiction, or that its jurisdiction was fraudulently procured. Both upon the merits of the cause of action and upon all jurisdictional facts, the record imports absolute verity in law, and is to be tried by the court upon inspection of the record only. Hence, at law, the validity of the judgment can be put in issue by the plea of *nul tiel* record only; and if, on inspection, it turns out that the plea is not true, there is an end of the controversy. If its validity is to be impeached from without, some other appropriate remedy must be found,"—thus clearly indicating a remedy in equity against such judgment. "When a person seeks to show that an attorney at law was not authorized to appear for him, he is confronted by a legal presumption. It is at the present time the settled rule that although an attorney cannot, without special authority, admit service of jurisdictional process upon his client, yet it will be presumed in all collateral proceedings, and perhaps on appeal

or in error, that a regular attorney at law who appeared for a defendant, though not served, had authority to do so." 2 Enc. Pl. and Prac. 682, and cases cited.

Whether the allegations of the bill have been established is purely a matter of evidence, and must be done by a clear preponderance; and this Court has frequently held that, when a decree sought to be reversed is based upon depositions so conflicting and of such doubtful and unsatisfactory character that different minds and different judges might reasonably disagree as to the facts or the proper conclusions to be deduced therefrom, the Appellate Court will decline to reverse the finding or decree of the chancellor, although the testimony may be such that the Appellate Court might have pronounced a different decree if it had acted upon the cause in the first instance. *Smith* v. *Yoke,* 27 W. Va., 639; *Bartlett* v. *Cleavenger,* 35 W. Va., 720, (14 S. E. 273); *Richardson* v. *Ralphsnyder,* 40 W. Va., 15, (20 S. E. 854).

It seems to me, on a careful analysis of the evidence in this cause, there is but little for this Court to do to come to a conclusion. That Attorney J. B. Jackson entered the appearance and pleadings on behalf of the defendant E. D. Smith (or Ed Smith) in the action of trespass against him and others, there can be no doubt. Whether said attorney was authorized to so appear and plead is a question of fact to be ascertained from the evidence taken and filed in the cause, and the facts and circumstances of the case. Upon this evidence, which is conflicting, and the facts and circumstances of the case, the court below reached the conclusion that the allegations of the bill were not sustained by a preponderance of evidence; and, under the rulings just quoted, I do not feel authorized in disturbing the decree, and the same is accordingly affirmed.

*Affirmed.*