# CHARLESTON.

LOUGH *v.* TAYLOR *et al.*

Submitted September 3, 1924.    Decided September 16, 1924.

JUDGMENT—*Answer Alleging Fraud in Suit to Subject Lands to Satisfaction of Judgment Should be Stricken as Collateral Attack.*

Where in a suit brought by a judgment creditor of defendant to subject lands of defendant to sale to satisfy the judgment rendered by a court having jurisdiction of the parties and the subject-matter the defense is that the judgment was procured by fraud, such defense is an attempt to impeach the judgment collaterally, and plaintiff's motion to strike from the record the answer setting up such defense is properly sustained.

(Judgments, 23 Cyc, p. 1064).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Case certified from Circuit Court, Wetzel County.

Suit by Isaac H. Lough against Jane Taylor and others. Ruling sustains motion to strike the answer for insufficiency was certified for review.

*Affirmed.*

*E. H. Yost* for defendants.

MEREDITH, PRESIDENT:

Plaintiff filed his bill on his own behalf and on behalf of all other lien creditors of defendants by which he sought to subject to sale defendants' interests in certain real estate,

to satisfy plaintiff's claim upon a judgment rendered in his favor by a justice of the peace.

The bill recites the filing of exhibit "A", a transcript of the justice's record of the judgment; exhibit "B", an execution issued upon said judgment and returned "no property found and execution returned not satisfied"; and exhibits "C" and "D", title papers under which defendants hold the interests in land referred to.

Defendants demurred to and answered the bill. Plaintiff moved to strike the answer from the record on the ground of insufficiency. The circuit court sustained plaintiff's motion, and of its own motion certified its ruling here for review.

The transcript of the justices record shows that process was duly issued and served upon defendants; that the parties appeared on the day set for trial; and that plaintiff and defendants having agreed upon $175.00 as a proper amount, judgment for that sum was entered against defendants in favor of plaintiff on December 12, 1922. The language of the transcript affecting the agreement of the parties as to the amount of the judgment reads:

> "The defendants propose or compromise and the plaintiff makes a proposal to take $175.00 provided that payment is made at this time. The defendants accept the proposition but ask that the time of payment be extended to the 31 day of December, 1922, which condition is finally allowed by the plaintiff, and each party to pay one-half the cost which was paid as agreed."

The complaint of defendants' answer is that the $175.00 was approximately the balance of the contract price agreed upon for the erection of a house by plaintiff for defendants, said contract being an oral one entered into in August, 1921; that at the hearing of the case before the justice on December 12, 1922, they were assured by plaintiff that he would not take judgment against them, nor make any attempt to collect the $175.00 until he had fully completed the construction contract; that the house has not been completed; and that, relying upon plaintiff's assurance, defendants were left under the impression that no judgment was entered or taken against

them. Defendants' first information of the taking of the judgment, so they aver, was when the execution was served upon them on or about March 1, 1923. They deny the compromise referred to in the justice's transcript, but they do not in terms deny their presence in the justice court on the day of trial as recited in the justice's record. Defendants charge that plaintiff's actions have been fraudulent, and that the judgment was entered without their knowledge, and that the house not having been completed according to contract, they are not indebted to plaintiff. They pray for a new trial; that they be credited with the $175.00; or that plaintiff be enjoined from proceeding under the judgment.

The first question arising on the certificate is whether this is a collateral attack upon the judgment. Undoubtedly it is.

> "A collateral attack is an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting, or modifying such judgment or decree." 17 Am. & Eng. Ency. Law (2d ed.) p. 848; accord: Vanfleet, Collateral Attack, §3.

This suit is neither of those named in the language quoted; it is a proceeding, not to annul, correct or modify a judgment, but brought for the express purpose of enforcing one, and, as we stated in *State ex rel. Smith* v. *Hall, Sheriff*, 94 W. Va. 400, 405, 119 S. E. 166, quoting from 28 Cyc. 1064:

> " 'A proceeding to enforce a judgment is collateral to the judgment.' "

The attack being collateral, there is but one ground for impeachment, that is, the record must show want of jurisdiction in the court in which the judgment was entered.

> "The power of a court having jurisdiction over a particular subject-matter to render a judgment or decree affecting the same can not be attacked collaterally, unless it appears from the record of the proceeding in which the judgment or decree is entered that the court acted without jurisdiction." *Lemley* v. *Coal & Coke Co.*, 82 W. Va. 153, 95 S. E. 646.

The latter case cites many authorities in support of its holding and its correctness is unassailable.

Here the transcript of the record of the justice shows complete jurisdictional authority, both as to the subject matter and as to the parties. So far as this proceeding is concerned, the judgment is final, and the court's ruling adjudging the answer to be insufficient is affirmed.

*Affirmed.*