STATE OF WEST VIRGINIA *ex rel.* FRANKLIN ACY COX

*v.*

OTTO C. BOLES, WARDEN OF
WEST VIRGINIA STATE PENITENTIARY

(No. 12109)

Submitted May 23, 1961.        Decided June 13, 1961.

GIVEN, JUDGE, concurring:

*Arthur Ritz Kingdon,* for relator.

*C. Donald Robertson,* Attorney General, *Simon M. Bailey,* Assistant Attorney General, for respondent.

HAYMOND, PRESIDENT:

In this original habeas corpus proceeding instituted in this Court on May 8, 1961, the petitioner, Franklin Acy Cox, seeks a writ to compel the defendant, Otto C. Boles, Warden of West Virginia State Penitentiary at Moundsville, West Virginia, to release the petitioner, who is now confined in the penitentiary, from a sentence of five years imposed by the Circuit Court of Wyoming County on February 18, 1959, in addition to a sentence for an indeterminate period of from one year to ten years at that time also imposed by that court, upon an indictment for a felony to which the petitioner entered a plea of guilty.

To the petition for the writ, with which a copy of the indictment and a copy of the judgment imposing sentence were filed as exhibits, the defendant filed his return and his demurrer on May 23, 1961, and at that time this proceeding was submitted for decision upon the record and the written briefs of the attorneys for the respective parties.

On February 16, 1959, the grand jury of Wyoming County returned an indictment against the petitioner

which charged that the petitioner did break and enter
a certain storehouse belonging to Winding Gulf Coals,
a corporation, and did steal, take and carry away
certain specified goods and chattels of that company
of the value of $800.00, against the peace and dignity
of the State.

On February 18, 1959, as appears from the judgment
entered by the circuit court, the petitioner, being
present with his attorney, after consulting with his
attorney and after the indictment for the felony of
breaking and entering had been read to him by the
court, entered a plea of guilty to the indictment. The
court accepted the plea of the petitioner and sentenced
him to confinement in the penitentiary of this State for
an indeterminate period of one year to ten years upon
the indictment for the principal offense. The judgment
then provides : ''It further appearing to the court that
you were convicted and sentenced to the West Virginia
penitentiary from this court on August 20, 1956, the
court hereby find you guilty of having committed a
second felony, you are therefore sentenced to serve an
additional 5 years in said institution. You will be
credited with the time spent in jail which is 2 days.''

By a written stipulation, between the attorney for
the petitioner heretofore appointed by this Court to
represent him in this proceeding and an assistant at-
torney general who represents the State, it was agreed
that copies of the indictment against the petitioner for
the principal offense returned February 16, 1959, of
the orders of the court appointing an attorney to
represent him upon the trial of that indictment, of the
final judgment rendered February 18, 1959, of the
commitment of the petitioner, and of the certified
transcript of the proceedings in court on February 18,
1959, immediately preceding the imposition of sen-
tence by the judgment entered by the court on that
date, should be introduced and considered as evidence
in this proceeding, and that no information was filed
by the prosecuting attorney of Wyoming County dur-

ing the trial of the petitioner upon the indictment against him for the offense of breaking and entering a storehouse and stealing certain goods and chattels belonging to its owner.

The petitioner contends that the judgment entered by the Circuit Court of Wyoming County on February 18, 1959, to the extent that it sentences him to an additional five year term of imprisonment under Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, known as the habitual criminal statute of this State, is void because no information was filed by the prosecuting attorney which set forth the record of his prior conviction and sentence and identified the petitioner as the person who had been so convicted and sentenced, and because the petitioner was not duly cautioned in connection with his acknowledgment that he was the same person who had been so convicted and sentenced, both of which requirements are prescribed by Section 19 of the statute.

It is well settled by the decisions of this Court that the jurisdiction of a trial court to sentence to further confinement in the penitentiary a person who is convicted of an offense and is subject to confinement in the penitentiary for such offense depends upon and is derived from Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, which were in effect when the sentence to additional confinement for a period of five years was imposed by the court. *Shears v. Adams,* 145 W. Va. 250, 114 S. E. 2d 585; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *Dye v. Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234. This Court has also held that the provisions of Section 19 of the statute are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. *State ex rel. Yokum v. Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Housden v. Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740.

The judgment of the circuit court by which the petitioner was sentenced to be confined in the penitentiary for an indeterminate period of one year to ten years and an additional term of five years because of his prior conviction and sentence for a felony is silent with respect to the proceedings had at the time of the entry of the judgment. When the record of a court of general jurisdiction is merely silent with respect to a matter affecting its jurisdiction the presumption that it satisfied and complied with all jurisdictional requirements for the entry of a valid judgment will be accorded prevailing force and effect; and a judgment imposing a sentence of imprisonment, which is valid on its face and is not contradicted by any showing in the record, is not subject to attack in a habeas corpus proceeding. *Shears v. Adams,* 145 W. Va. 250, 114 S. E. 2d 585; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Lovejoy v. Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268.

It affirmatively appears, however, from the record in this proceeding and the stipulation in writing between the attorney for the petitioner and an assistant attorney general that no information concerning the prior conviction and sentence of the petitioner was ever filed by the prosecuting attorney and that the petitioner, before he acknowledged his identity as the person who had been previously convicted and sentenced, was not duly cautioned by the court. These two mandatory requirements of the statute were not complied with in connection with the imposition of the additional five year period of confinement; and for that reason the circuit court was without jurisdiction to impose that additional confinement upon the petitioner and that portion of the sentence imposed by the judgment entered February 18, 1959, is void and of no force and effect. *State ex rel. Yokum v. Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Medley v. Skeen,* 138 W. Va. 409, 76 S. E.

2d 146; *Dye v. Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Ex parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex parte Mooney,* 26 W. Va. 36, 53 Am. St. Rep. 59. In *State ex rel. Yokum v. Adams,* 145 W. Va. 450, 114 S. E. 2d 892, this Court held in point 2 of the syllabus that: "In the absence of a written information filed with the court, setting forth the previous conviction and sentence, or convictions and sentences, an additional sentence imposed, under the provisions of Code 61-11-18, as amended by Chapter 26, Acts of the Legislature, Regular Session 1939, as amended by Chapter 31, Acts of the Legislature, Regular Session, 1943, is void."

The judgment which sentenced the petitioner to an additional confinement of five years, being in excess of the imprisonment for an indeterminate period of one year to ten years, the maximum sentence of imprisonment which the circuit court had jurisdiction to pronounce upon the plea of guilty entered by the petitioner to the indictment against him for breaking and entering, is a void judgment to the extent that it exceeds the maximum sentence of one year to ten years. A judgment which is wholly void, or is void in part, is subject to collateral attack in a habeas corpus proceeding. *State ex rel. Yokum v. Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S. E. 2d 740, and the numerous authorities cited in the opinion in that case.

The sentence of confinement for the additional period of five years, being void, can not be enforced. The relief from that portion of the sentence imposed upon the petitioner, as prayed for by him, is granted, and the petitioner, after completely serving the valid portion of his sentence, must be released. At this time, however, he has not served the valid portion of his indeterminate sentence of one year to ten years. For this reason a writ which would presently release him from confinement is denied and the petitioner is re-

manded to the custody of the defendant until he has completely served the valid portion of his sentence of confinement in the penitentiary of this State.

*Writ discharged,*
*petitioner remanded*
*to custody.*

Given, Judge, concurring:

In this original proceeding in habeas corpus it is alleged that the court, a court of general jurisdiction, which entered the judgment sentencing defendant, exceeded its jurisdiction, and, therefore, that the sentence-judgment is void in so far as it relates to the additional sentence imposed by virtue of the habitual criminal statute. The matter alleged, if true, would render the judgment void, but does not appear "on the face of the record", but lies without the record, and must be established by allegation, and proof of facts outside the record. That was done in the instant case, by stipulation and, though the Court finds the allegation of lack of jurisdiction proved, and grants the relief sought, it says: "* * * a judgment imposing a sentence of imprisonment, which is valid on its face and is not contradicted by any showing in the record, is not subject to attack in a habeas corpus proceeding".

In my view, the statement is too broad, and no authority has been found which supports it. If the invalidity does not appear "on the face of the record", it can not be attacked collaterally, but is subject to a direct attack at any time, in any proceeding, including habeas corpus.

In *State ex rel. Hall v. Skeen, Warden,* 136 W. Va. 805, 68 S. E. 2d 683, an original proceeding in habeas corpus, involving the principle here considered, Judge Fox, speaking for a unanimous Court, said: "In awarding the writ in this case, it was assumed by this Court that if the allegations of relator were shown to be true, the Circuit Court of Logan County was with-

out jurisdiction to impose any sentence; and that its action in imposing a sentence in the absence of a plea of guilty, or of proof of the crime, made the sentence imposed absolutely void. If this be true, then the order that was entered by the circuit court, which shows a plea of guilty, must, in the very nature of things, be open to contradiction, otherwise there could never be a showing that no plea of guilty had been entered, or that the court had refused to accept a plea of not guilty, as is contended in this case. The authorities cited by the State in support of the contention that the order of the circuit court which shows the entry of the plea of guilty imported a verity, and could not be disproved, are not convincing. At most these cases bear on the question of collateral attack on the court records. But if the action of a court can be shown to have been without jurisdiction, and to be void, the general rule is that a direct attack may be made at any time and in any proceeding, and this is particularly true in *habeas corpus* cases, where relief depends on a showing that the proceeding under attack was void from the beginning * * *''. Notice that ''a direct attack may be made at any time and in any proceeding''.

In *Shank v. Town of Ravenswood,* 43 W. Va. 242, 27 S. E. 223, the Court held: ''3. In the case of an inferior court, board, or body, required to keep record, the facts essential to give it jurisdiction must appear in its proceedings, else its action will be void and open to attack collaterally; but, if its record state such facts, its jurisdiction will not be open to attack, *nor can such facts be disproven in a collateral proceeding,* nor will any error appearing therein affect its action.'' (Emphasis Supplied).

The reason for the rule is clear. In a collateral attack, since the matter rendering void the judgment must appear on the face of the record, no allegation or pleading showing an invalidity is necessary, and no proof is needed or permitted. It has been contended that if the record of the subsequent proceeding establishes an invalidity rendering the judgment attack-

ed void, the rule that in a collateral attack the invalidity must appear on the face of the record is satisfied, but it is a sufficient answer to point out that what happens in a subsequent proceeding can not possibly create an invalidity in a prior proceeding.

In *State ex rel. Conley v. Thompson,* 100 W. Va. 253, 130 S. E. 456, it is held: "4. The judgment or order of a county court, unless the record shows want of jurisdiction, cannot be collaterally attacked." This is a clear application of the rule that a collateral attack can be made only where the invalidity appears on the face of the record. In the opinion it is clearly indicated that a direct attack for the purpose of having such a final order "set aside or annulled" would be proper.

In *Wandling v. Straw & Morton,* 25 W. Va. 692, the Court held: "1. The validity of a judgment of a court of record can not be collaterally attacked, on the ground that the court had no jurisdiction, unless the want of jurisdiction appears upon the face of the record." In the opinion, quoting with approval from the case of *Carpenter v. The City of Oakland,* 20 Cal. 439, in considering whether a judgment of a court of general jurisdiction could be attacked collaterally, the Court said: "The question is in our judgment too well settled by authority to require any argument founded on principle. Mr. Chitty states the rule to be that neither the defendant himself, nor his bail or sureties can plead that the judgment was obtained against him by fraud, though it may be pleaded that a judgment against a third person was so obtained. (1 Ch. Plead. 486.) The validity of the judgment can not be collaterally attacked on the ground of fraud, nor on the ground that the court had no jurisdiction, whether the supposed want of jurisdiction is alleged as an element of fraud or not, unless the want of jurisdiction appear upon the face of the record. The maxim of the law is, that the judgment of a court of general jurisdiction, imports absolute verity, and its truth can not be questioned, either by showing otherwise

than by the record itself, that the court had no jurisdiction, or that its jurisdiction was fraudulently procured. Both upon the merits of the cause of action, and upon all jurisdictional facts, the record imports absolute verity in law, and is to be tried by the court upon inspection of the record only. Hence at law, the validity of the judgment can be put in issue by the plea of *nul tiel record* only, and if on inspection it turns out that the plea is not true, there is an end of the controversy. If its validity is to be impeached from without, some other appropriate remedy must be found''.

It will be noticed that in the above quotation it is pointed out that if the validity of a judgment is to be impeached ''from without, some other appropriate remedy must be found''. In *Smith v. Johnson*, 44 W. Va. 278, 284, 29 S. E. 509, referring to the statement just quoted, the Court stated that it clearly indicated ''a remedy in equity against such judgment'', and in that case the Court considered the allegations contained in a bill in equity which alleged facts, if proved, sufficient to ''nullify'' a judgment entered in an action of trespass on the case. And in *Chilhowie Lumber Company v. J. C. & W. B. Lance & Company*, 50 W. Va. 636, 642, 41 S. E. 128, the Court said: ''* * * This Court laid down the rule in *Smith v. Johnson*, 44 W. Va. 278, as follows: 'When a defendant, by bill in equity, seeks to nullify a judgment at law obtained against him without service of process, upon unauthorized appearance by attorney, to succeed he must have a clear preponderance of evidence sustaining the allegation of his bill.' Proceedings by motion and by bill in equity in such case are both direct and not collateral and the rule must be the same. *Wandling v. Straw*, 25 W. Va. 692. 703.''

In *Lough v. Taylor*, 97 W. Va. 180, 124 S. E. 585, the Court held: ''Where in a suit brought by a judgment creditor of defendant to subject lands of defendant to sale to satisfy the judgment rendered by a court having jurisdiction of the parties and the subject-matter the defense is that the judgment was procured by fraud,

such defense is an attempt to impeach the judgment collaterally, and plaintiff's motion to strike from the record the answer setting up such defense is properly sustained." These authorities and, I believe, practically all authorities, clearly demonstrate, as pointed out in *State v. Skeen, supra,* that a direct attack may be made at any time in any proceeding, and this is particularly true in habeas corpus cases where relief depends on a showing that the proceeding under attack was void from the beginning, clearly and definitely demonstrating that a direct attack is not confined to some method of review of the former proceeding, for in cases of review litigants are always bound by statutory limitations as to time of review. See *Bennett v. Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Cable v. Cable,* 132 W. Va. 620, 53 S. E. 2d 637; *State ex rel. Smith v. Hall, Sheriff,* 94 W. Va. 400, 119 S. E. 166; *Cecil v. Clark,* 44 W. Va. 659, 30 S. E. 216.

I am aware, of course, of certain holdings of this Court which denominate the method of attack "collateral", where the invalidity rendering the judgment attacked void did not appear on the face of the record, but in fact was based on matters dehors the record, and on allegations drawing in issue the existence of facts which, if proved true, would render the judgment attacked void. Though I believe such holdings wrong, I would feel bound by them except for the fact that the question relates to the name of a method of procedure, 49 C.J.S., Judgments, Section 408, and a wrong naming of such a method in one case does not warrant the use of the wrong name in another case. Moreover, the rights of the parties under the respective methods are very materially different.

In the concurring opinion in the case of *Brouzas v. The City of Morgantown,* 144 W. Va. 1, 106 S. E. 2d 244, many other authorities are cited and attention is directed to the importance to the bar and to litigants of keeping clear the existing distinctions between the two methods of attacking a void judgment, and it is not deemed necessary to again attempt to do so here,

but it may be pointed out that in some of the cases cited above, litigants failed to obtain consideration of their alleged rights only because they pursued the wrong method.

Since, however, the Court in the instant case has disregarded the uniformly recognized rule, that a collateral attack may be made only where the invalidity appears on the face of the record, and has, in accord with the allegations of the pleading, and on the issue drawn, accepted, considered and found sufficient the proof of the invalidity of the judgment attacked, to the extent complained of, and has granted the petitioner the relief to which he is entitled, I concur in the final action of the Court.