COUNTY COURT OF MARION COUNTY *v.* JACOB B. CARPENTER

(No. 7780)

COUNTY COURT OF MARION COUNTY *v.* D. L. WILSON

(No. 7781)

COUNTY COURT OF MARION COUNTY *v.* F. M. MALCOLM

(No. 7782)

COUNTY COURT OF MARION COUNTY *v.* M. CAMDEN VANGILDER

(No. 7783)

COUNTY COURT OF MARION COUNTY *v.* E. W. NICHOLS

(No. 7784)

COUNTY COURT OF MARION COUNTY *v.* DAVID JARRETT

(No. 7785)

Submitted November 8, 1933.   Decided November 21, 1933.

*Walter R. Haggerty* and *Harrison Conaway,* for plaintiff in error.

*Showalter & Boggess* and *L. T. Eddy,* for defendants in error.

HATCHER, JUDGE:

The above styled actions are six separate notices of motion for judgment which involve the same question and were accordingly consolidated by order of this Court. Each proceeding is brought against a former overseer of the poor of the county of Marion for the purpose of recovering allowances to him in excess of those made by law. A plea in abatement, filed in each proceeding, was sustained by the circuit court. The plea raised two questions: (1) Was the order entered by the county court directing the prosecution of these suits legally entered? and (2) was the order sufficiently specific?

1. Two commissioners of the county court were present at a regular session when the order was entered. They constitute a quorum under the Constitution, Article VIII, section 22, and the order was regularly entered. An effort was made by defendants to show that the two commissioners conspired together to enter the order in the absence of the third commissioner. There can be no element of fraud in this matter irrespective of such a conspiracy. By reason of the audit hereinafter referred to the entry of the order was a mere formal court duty. Where the record shows jurisdiction (as in this instance) the order of a county court generally cannot be collaterally attacked. *State ex rel. Conley* v. *Thompson,* 100 W. Va. 253, 130 S. E. 456.

2. Stripped of redundancy, the order recites that an audit of the accounts of the former overseers of the poor showed that a number of them had been overpaid; and the order directs the prosecuting attorney to recover from such overseers the excess payments, and, if necessary in his judgment, to institute suits for recovery. The order does not name any of the defendants. They contend, therefore, that the order lacks requisite specification.

An individual can be specified with certainty in other ways than by name, viz., by physical characteristic, by number, by position, by condition, etc. Denominating the parties to be sued would have been the most direct method of specification. Under the order, however, the prosecuting attorney had to ascertain but two simple facts, the names of former overseers, and the condition of their accounts with the county. Both facts could be ascertained from the same document—the audit referred to in the order. There is no involution about the directions to the prosecuting attorney, and there is no reason why he could not determine with absolute certainty the ones to be sued. A former overseer whose account disclosed him to be in debt to the county was just as clearly designated as if named in the order. It is axiomatic that a thing is certain which can be made certain. We are therefore of opinion that the order is sufficient.

The ruling of the circuit court on the plea is reversed and the case remanded.

*Reversed and remanded.*