THE COUNTY COURT OF MARION COUNTY, *A Corporation* *v.* JACOB B. CARPENTER *et al.*

(Six Cases)

(Nos. 7932 to 7937)

Submitted April 26, 1934.   Decided May 15, 1934.

*Walter R. Haggerty* and *Harrison Conaway,* for plaintiff in error.

*Showalter & Boggess* and *L. T. Eddy,* for defendants in error.

MAXWELL, JUDGE:

Each of these six actions was brought against a former overseer of the poor of Marion County to recover excessive per diem allowances which had been paid to him by the county court. On former writ of error in these cases, we held that the pleas in abatement filed by the defendants did not constitute legal defense, and remanded the cases for further proceedings. *County Court* v. *Carpenter,* 114 W. Va. 329, 171 S. E. 823. Thereafter, demurrers were interposed by the several defendants, respectively, to the notices of motion for judgment. The demurrers were sustained and the cases dismissed. Writs of error were awarded the plaintiff.

The first point of demurrer is that the notices of motion for judgment should carry an averment that before suit was instituted demand was made of the defendants to refund to the county court the alleged excess of compensation paid them, and that, having failed to respond to such demand, the actions followed. There are, of course, situations where demand must be made before action is brought. For examples: Where the custody of public funds by municipal officers partakes of the nature of a bailment for hire. *Town of Cameron* v. *Hicks,* 65 W. Va. 484, 64 S. E. 832. Also, "when the action is on a bond with a penalty to pay a certain sum on demand, proof of an express demand is necessary to maintain the action. * * * If it appear that the money sued for is payable not immediately but after demand in writing, then a demand in writing must be averred." 3 Robinson's Practice, p. 603. There are other analogous situations. These are typical. But demand need not be averred nor proved where there is no fundamental reason for it. In *Transportation Company* v. *Sweetzer,* 25 W. Va. 434, which was an action for recovery from a

railroad company of freight transportation charges made against the plaintiff in excess of the legal rate, it was held that "there is no necessity for the plaintiff to prove, that he demanded the repayment of such excess by the railroad company before instituting such suit."

In *Quimby* v. *Lyon,* 63 Cal. 394, the court held: "In an action for money had and received to the use of the plaintiff, it is not necessary to allege a request or demand for the payment of the money. Such an allegation is usual, but not essential to the sufficiency of the complaint." And, further: "The action for money had and received may be maintained whenever an equity arises from the circumstance that one man has money which he ought to pay to another. There is no presumption that the one in possession holds the money under a contract express or implied to retain it until the party entitled to it shall actually demand it." Where a defendant's obligation to pay a definite amount of money arises from implication of law, no demand for payment is necessary. 4 Ency. Pl. & Pr., page 647 and note; 9 Am. & Eng. Ency. of Law (2d) p. 207. Under these principles, there was no necessity for averment of demand in these cases.

The second ground of demurrer is that the "said motion for judgment does not allege, aver or show any indebtedness created, contract made, order or draft issued in violation of law by plaintiff to defendant, nor the receipt by defendant of any money on such indebtedness created, contract made, or order or draft so issued by it to defendant as set forth in section 12 of chapter 28-A of the Code of West Virginia (1932 Code, section 764)." (Code 1931, 11-8-13).

The pertinent provisions of said statute are as follows:

> "It shall be unlawful for any county court, board of education, or council of a municipal corporation, or other body charged with the administration of the fiscal affairs of any county, school district or independent school district, or municipality to expend any money or to incur

> any obligation or indebtedness which such fiscal body is not expressly authorized by law to expend or incur. * * * Any indebtedness created, contract made or order or draft issued in violation hereof, shall be void and of no effect, and any money received thereon may be recovered from the person receiving the same by the fiscal body which created, made or issued the indebtedness, contract, order or draft."

In amplification of this second point of demurrer, it is urged that the last quoted sentence of the statute "only includes 'any indebtedness, contract made or draft issued' and fails to include the phrase, 'money expended'." Continuing with counsels' presentation: "It cannot be said that the transaction set out in this notice of motion in any sense created an indebtedness. Hence to recover from the defendants here, the plaintiff being held to a strict compliance with the statute as amended must allege and prove that the moneys received by the defendant and sought to be recovered were predicated upon an indebtedness created, contract made or order or draft issued in violation of law."

Each of the notices of motion for judgment carries an averment that the defendant while overseer of the poor rendered statements to the county court for services performed and amounts charged therefor, that the statements were approved by the court and the amounts claimed were paid to the defendant by the county court out of public funds, and that the said amounts so paid were in excess of the statutory rate of $1.50 per day for such services. A detailed statement of account is filed in each case with the notice as part thereof.

We are unable to perceive wherein these notices do not fully and fairly inform the defendants of the exact nature of the claims asserted against them by the county court.

Considering the above quoted provisions of the statute, it is observed that the first portion prohibits county courts and other fiscal bodies from expending any money which they are not authorized by law to expend. And

the second of the said quoted provisions directs recovery of any money received by any person on account of an order or draft issued in violation of the statute. The two provisions seem to dovetail nicely. Clearly, the legislative intent was that there should be recovery of any money unlawfully paid out by a county court or other fiscal body. In the notices before us the allegation that the statements, furnished by the defendants, "were approved by The County Court of Marion County and (the amounts thereof) paid to you out of the funds belonging to and the property of The County Court of Marion County" is tantamount to an allegation that such funds were paid on orders issued by the county court. The said equivalence lies in the fact that it was only through the instrumentality of orders that the county court could direct the expenditure of public funds. No other method is provided by law.

We are therefore of opinion that neither ground of demurrer is well taken. It follows that the judgment of the circuit court sustaining said demurrers and dismissing the actions must be reversed and the cases remanded for further proceedings.

*Reversed and remanded.*