STATE *ex rel.* VERNON W. DINGESS, *et al.*

*v.*

A. D. SCAGGS, *President and Commissioner,*
COUNTY COURT, LOGAN COUNTY, *et al.*

(No. 13324)

Submitted February 27, 1973.     Decided April 3, 1973.

*Jenkins, Schaub & Fenstermaker, Bert M. Grimm, Jr.,* for relators.

*Tom Parks, Zane Grey Staker,* for respondents.

NEELY, JUDGE:

This is a mandamus proceeding in which relators allege that they are duly appointed deputies and assistants of

the Logan County Sheriff, and seek to compel the Logan County Court to pay salaries earned since January 16, 1973. Respondents deny that petitioners are duly appointed since the relators' appointments for the term beginning January 1, 1973 were not confirmed by the county court as constituted for the term beginning January 1, 1973.

Mrs. Grace Dingess was elected Sheriff of Logan County on November 7, 1972 for a four year term beginning January 1, 1973. On December 29, 1972, at a regular session of the county court, Sheriff-elect Dingess took her official oath and posted bond. At the same time she submitted a list of deputies and assistants for confirmation, and the court confirmed all of the appointees by order dated December 29, 1972.

On January 1, 1973 the new county court met, which included one new commissioner and two incumbents. The new court directed the sheriff and other elected officials to submit their appointees for confirmation. The other elected officials complied with the request and all the appointees on the submitted lists were confirmed on January 5, 1973. However, Sheriff Dingess claimed that approval of her list by the former county court on December 29, 1972, was sufficient. The court ordered that Sheriff Dingess's list be submitted by January 16, 1973, and ceased all salary payments to relators after that date. Sheriff Dingess refused, and still refuses to submit her appointees for confirmation by the new county court, and instituted this action in mandamus to compel the county court to pay salaries after January 16, 1973.

The question is whether the appointment and confirmation of the relators on December 29, 1972 constituted appointment and confirmation as contemplated by Chapter 6, Article 3, Section 1 of the *Code of West Virginia,* 1931, as amended. We think not. *Code* 6-3-1 (a) (2) provides:

> "A sheriff, surveyor of lands, or assessor may, with the consent of the county court duly entered

of record, appoint any person or persons his deputy or deputies."

We hold that the word "sheriff" in *Code* 6-3-1(a) (2) excludes the term "sheriff-elect" since, under well-known rules of statutory construction, statutory language always receives its natural force and effect where it reflects the legislative intent. *Hall v. Baylous,* 109 W.Va. 1, 153 S.E. 293, 69 A.L.R. 527 (1930). In examining *Code* 6-3-1(a) (2) in order to find the legislative intent of the word "sheriff", regard must be given to the subject matter of the statute, its scope, purpose, and effect. This becomes clear when the responsibilities and powers of the county court are examined.

County courts are the central governing body of the county. The constitution and laws of this State have committed to county courts certain legislative, executive and judicial powers directly connected with the local affairs of the county. See Chapter 7, Article 1, Sections 1 through 9 of the *Code of West Virginia,* 1931, as amended. Included among its powers, county courts ". . . have the superintendence and administration of the internal police and fiscal affairs of their counties, . . ." Chapter 7, Article 1, Section 3 of the *Code of West Virginia,* 1931, as amended. Additionally, it is the duty of county commissioners to inspect the jails, and to arrange for the feeding and care of the prisoners therein, and to provide for and have general supervision over the repair and maintenance of the jails and other county facilities. *Code* 7-1-5. Finally, as specified in *Code* 7-7-7, the county court has the responsibility to consider, determine, and fix the aggregate amounts necessary for salaries of deputies and assistants of sheriffs.

Therefore, it appears that the legislative intent was for the county court initially to confirm or refuse to confirm a sheriff's appointees as part of our system of checks and balances. Without that authority, the county court cannot effectively discharge its overall responsibilities in governing the county. It is also the legislative intent

that the county court which will bear the responsibility of governing the county should also have the authority to confirm the appointees of other elected county officers who hold office in a term concurrent with that of the county court. To hold otherwise would plainly frustrate the purpose of *Code* 6-3-1 (a) (2).

The relators argue that because the appointment of deputies and assistants, the posting of bond, and the confirmation of appointees traditionally occur before the beginning of a term of office, at the same time that the oath of office is taken, this Court should sustain the December 29, 1972 county court confirmations. There is a distinction, however, between taking the oath of office and posting bond, which are two necessary preparatory acts to qualify for office, and making appointments, which is an exercise of the office of the sheriff.

Chapter 6, Article 1, Section 5 of the *Code of West Virginia,* 1931, requires that elected or appointed officials take the oath of office before the beginning of their terms or before entering into or discharging any of the duties of their office. Chapter 6, Article 2, Section 1 of the *Code of West Virginia,* 1931, as amended, provides that, ". . . No person shall enter into or discharge any of the duties of his office until he shall have given the bond required of him by law." This Court has recognized that: "It has long been the custom in this State for elective or appointive officers to qualify by taking the required oath and giving bond before the beginning of their terms of office." *Slater v. Varney,* 136 W.Va. 406, 428, 68 S.E.2d 757, 770 (1951), *State ex rel. Conley v. Thompson,* 100 W.Va. 253, 130 S.E. 456 (1925). Anticipatory acts to qualify for office are not only the custom in this State, but are required by statute. This does not mean that once qualified, a person may exercise the authority or discharge the duties of an office before the beginning of his or her term of office.

The Court notices that the first day of January is a legal holiday, and that every seventh year it is followed

by a Sunday. It is reasonable, and in many cases necessary, to provide elected officials with a procedure to permit them to assume office with a full complement of deputies and assistants. The practice of making tentative appointments and receiving informal confirmation several days before the beginning of a term of office is reasonable and permissible, notwithstanding the holding of this case. However, the anticipatory appointments must be confirmed by the county court as constituted after the first day of January. If the prospective deputies and assistants of an incoming sheriff do not wish to undertake the risk of this procedure, the deputies and assistants of the former sheriff are permitted by law to hold over. Consequently, in a county in which all officers are dealing with each other in good faith, this holding does not disturb the informal arrangements which have been devised in good faith to facilitate the orderly transition of authority from one administration to another.

The writ of mandamus prayed for is denied for the above reasons.

*Writters denied.*