Helen L. FURY, et al., Plaintiffs,

v.

COUNTY COURT OF WOOD COUNTY and its Commissioners, William C. Parrish; Dexter L. Buckley, Jr.; and Holmes R. Shaver, Defendants.

and

Helen L. FURY, et al., Plaintiffs,

v.

L.W. BECHTOLD, Sheriff of Wood County; Juanita Coe, Clerk of the Circuit Court of Wood County and H.K. Smith, County Clerk of Wood County, Defendants.

Civ. A. Nos. 83–A150, 84–A022.

United States District Court, S.D. West Virginia, Parkersburg Division.

March 12, 1985.

Fred J. Holroyd, Holroyd & Hamrick, Charleston, W.Va., for plaintiffs.

Elizabeth A. Pyles, Asst. Pros. Atty., Parkersburg, W.Va., for defendants.

George J. Cosenza, Cosenza & Underwood, Parkersburg, W.Va., for Coe and Smith in No. 84–A022.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Both of these civil actions are brought by the same 22 Plaintiffs, who all work in county offices in Wood County, West Virginia, alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The cases are brought against two separate sets of Defendants. In Civil Action No. 83–A150, the County Commission of Wood County and its three Commissioners, William C. Parish, Dexter L. Buckley, Jr. and Holmes R. Shaver, are the Defendants. In Civil Action No. 84–A022, the individual elected county officials for whom Plaintiffs work are named as Defendants: L.W. Bechtold, Sheriff of Wood County, Juanita Coe, Clerk of the Circuit Court and H.K. Smith, County Clerk. The gravamen of both actions is stated in Paragraph VII of both complaints wherein Plaintiffs allege the "Defendants have paid and are paying plaintiffs' wages and rates of pay lower than other employees of the opposite sex ... because of plaintiffs' sex." The Defendants in both actions have filed motions to dismiss the complaints for Plaintiffs' failure to join the real parties in interest. *See Rule* 17(a) of the Federal Rules of Civil Procedure.

■ The resolution of Defendants' motions to dismiss turns upon the issue of whether the County Commission is the Plaintiffs' employer or whether Plaintiffs are employed by the elected county officials in whose offices they work. The statute controlling this issue, *W.Va.Code*, § 7-7-7, makes it clear that as a general proposition the County Commission *and* the individual elected county officials are joint employers of those employees in the various county offices. The statute provides, in pertinent part, as follows:

"The *county clerk, circuit clerk ... sheriff* ... by and with the advice and consent of the county commission may appoint and employ, to assist them in the discharge of their official duties for and during their respective terms of office, assistants, deputies and employees.

The *county clerk, circuit clerk ... sheriff* ... shall ... file with the county commission a detailed request for appropriations for anticipated or expected expenditures for their respective offices, including the compensation for their assistants, deputies and employees, for the ensuing fiscal year.

\*  \*  \*  \*  \*  \*

"The *county commission* shall ... by order fix the *total* amount of money to be expended by the county for the ensuing fiscal year, which amount shall include the compensation of county assistants, deputies and employees.

The *county clerk, circuit clerk ... sheriff shall then fix the compensation of their assistants, deputies and employees* based on the total amount of money designated for expenditure by their respective offices by the county commission and the amount so expended shall not exceed the total expenditure designated by the county commission for each office.

The *county officials,* in fixing the *individual compensation* of their assistants, deputies and employees and the *county commission* in fixing the *total* amount of money to be expended by the county, shall give due consideration to the duties, responsibilities and work required of the assistants, deputies and employees and their compensation shall be reasonable and proper.

After the *county commission* has fixed the *total* amount of money to be expended by the county for the ensuing fiscal year and after each *county official* has fixed the compensation of *each* of his assistants, deputies and employees ... each *county official* shall file ... a budget statement for the ensuing fiscal year, setting forth the name, or the position designation if then vacant of each of his assistants, deputies and employees, the period of time for which each is employed, or to be employed if the position is then vacant, and his monthly or semi-monthly compensation.

    \*    \*    \*    \*    \*    \*

Each *county official* named in this section shall have the authority to discharge any of his assistants, deputies or employees by filing with the clerk of the county commission a discharge statement specifying the discharge action...."

■ The above underscored language of the statute repeatedly defines the respective budgetary roles of the County Commission and the individual County officials—the County Commission sets the *total* budget for a given office, i.e., that of the County Clerk, Sheriff and Circuit Clerk; the County Clerk, Sheriff and Circuit Clerk then set the compensation for *individual*

employees in their offices within the confines of the overall budget established by the County Commission. Because these civil actions allege disparate compensation between male and female employees, the budgetary/compensation decisions complained of are made by and are the responsibility of the individual elected county officials. For purposes of this litigation, therefore, the County Clerk, Sheriff and Circuit Clerk are Plaintiffs' employers and would be liable for any gender-based wage discrimination found to have occurred. It follows then that the Circuit Clerk, Sheriff and County Clerk are the real parties Defendant in these actions. This conclusion is directly supported by an opinion of the Attorney General summarized in the annotations following Section 7–7–7 in the *Code:*

"[The] county commission has no authority to fix the compensation of a deputy, assistant or employee of a named county official stated in this section, but the named county official may, in fact, compensate any deputy, assistant or employee in the absence of any civil service requirement to the contrary, in an amount which he, the county official, deems appropriate, to the extent that the overall compensation of such deputies, assistants or employees does not exceed the total budget sum previously approved by the county commission."

Op. Attorney General, February 17, 1976.

While the individual elected county officials have the primary responsibility for the hiring, firing and compensation of their employees, the County Commission is also a necessary party inasmuch as that body exercises "general control of the fiscal affairs of the county." *Amoroso v. Marion County Commission,* 305 S.E.2d 299, 303 (W.Va.1983). The County Commission must remain a Defendant so that, if Plaintiffs prevail, the Commission can be required to appropriate sufficient funds to pay any award of damages. *See State ex rel Cabell County v. Dunfee,* 163 W.Va. 539, 258 S.E.2d 117 (1979) (salary to be paid deputy sheriffs cannot be raised by Sheriff if the increased expenditure would exceed

the budget for the Sheriff's office set by the County Commission). Recognizing that the individual county officials named as Defendants in Civil Action No. 84–A022 are the parties responsible for the alleged discrimination in compensation, but also recognizing that the County Commission is a necessary party Defendant if the Court is to accord the parties "complete relief" * if Plaintiffs prevail on the merits, the Court hereby ORDERS as follows:

1. The Defendants' motion to dismiss Civil Action No. 83–A150 is granted;

2. The Defendants' motion to dismiss Civil Action No. 84–A022 is denied; and

3. The Court will favorably entertain a motion by Plaintiffs requesting leave of Court to amend the complaint in Civil Action No. 84–A022 to include as Defendants the County Commission of Wood County and its Commissioners for the sole purpose of requiring the Commission to appropriate the necessary funds to pay any damage award Plaintiffs may recover.

* *See Rule* 19(a) of the Federal Rules of Civil Procedure.