522 S.E.2d 201

**WEBSTER COUNTY COMMISSION,**
Plaintiff Below, Appellee,

v.

**Caroline CLAYTON, Sheriff of Webster County, Defendant Below, Appellant.**

**No. 25625.**

Supreme Court of Appeals of
West Virginia.

Submitted April 14, 1999.

Decided July 16, 1999.

Harley E. Stollings, Summersville, West Virginia, Attorney for the Appellant.

Richard E. Rowe, J. David Fenwick, Goodwin & Goodwin, LLP, Charleston, West Virginia, Attorneys for the Appellee.

Michael T. Clifford, Clifford, Mann & Swisher, P.L.L.C., Charleston, West Virginia,

Attorney for Amicus Curiae, West Virginia Sheriff's Association.

DAVIS, Justice:

The appellant herein and defendant below, Caroline Clayton, Sheriff of Webster County [hereinafter "the Sheriff" or "Sheriff Clayton"], appeals from orders of the Circuit Court of Webster County filed March 20, 1998, and June 12, 1998. By its order of March 20, 1998, the circuit court granted the appellee herein and plaintiff below, the Webster County Commission [hereinafter "the Commission"], a temporary injunction to preclude Sheriff Clayton from hiring one Barbara Sawyer [hereinafter "Ms. Sawyer"] in light of the Commission's refusal to consent to such hiring as required by W. Va.Code § 7–7–7 (1982) (Repl.Vol.1993). The June 12, 1998, order of the circuit court denied Sheriff Clayton's motion for reconsideration and rendered permanent its injunction prohibiting the Sheriff's hiring of Ms. Sawyer.

On appeal to this Court, Sheriff Clayton complains that the circuit court misinterpreted the provisions of W. Va.Code § 7–7–7. Upon a review of the parties' arguments, the appellate record, and the pertinent authorities, we find that the circuit court did not erroneously interpret the plain and unambiguous language of W. Va.Code § 7–7–7. Accordingly, we affirm the decisions of the Circuit Court of Webster County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts giving rise to the instant proceeding are generally not disputed by the parties. During a meeting of the Webster County Commission, held in August, 1989, the Commission hired Barbara Sawyer to be employed in the position of "financial administrator." The terms of Ms. Sawyer's employment are recorded in the meeting's minutes as follows: "it is understood with Barbara Sawyer that she is under the responsibilities of the Webster County Commission. It is understood with Barbara Sawyer that she is to work in other offices, if needed during the month." Ms. Sawyer remained in the Commission's employ from August 1, 1989, until her discharge by the Commission on January 6, 1998. In addition to performing duties directly for the Commission, Ms. Sawyer also provided services to the Sheriff of Webster County and the Clerk of the Webster County Commission [hereinafter "County Clerk"]. Ms. Sawyer testified, in a hearing underlying the instant proceeding, that approximately sixty percent of her work time consisted of duties assigned to her by the Sheriff;[1] that she spent about twenty percent of her time working for the County Clerk;[2] and that the remainder of her work time was devoted to the Commission.[3] Although Ms. Sawyer spent the majority of her time performing work for the Sheriff, her entire salary was paid by the Commission.

On January 6, 1998, the Commission terminated Ms. Sawyer's employment. Thereafter, by letter dated January 8, 1998, Sheriff Clayton requested the Commission to recognize Ms. Sawyer as an employee of the Sheriff for the purpose of assisting her with her constitutional duties as treasurer for Webster County. The Commission, however, withheld its consent to such employment. In response to the Sheriff's persistence in employing Ms. Sawyer, despite the Commission's refusal to approve this hiring, the Commission filed a complaint and a motion seeking injunctive relief from the Circuit Court of Webster County. Sheriff Clayton similarly moved the circuit court for injunctive relief, seeking to compel the Commission to compensate Ms. Sawyer for the services she had rendered to the Sheriff since her

---

1. The Sheriff represents that Ms. Sawyer "was the only member of the sheriff's staff who could perform necessary tax distribution functions on behalf of the sheriff's [d]epartment" and that she also "did monthly financial statements [and] reconciled accounts."

2. For the County Clerk, Ms. Sawyer prepared fiscal and financial statements and tracked expenditures in accordance with various budgets.

3. Ms. Sawyer's job duties at the Commission included, among other responsibilities, the preparation of budget summaries for and their presentation to the Commission.

termination of employment by the Commission.[4]

The circuit court conducted a hearing on the parties' requests for relief, and, by order filed March 20, 1998, the court granted the Commission's request for injunctive relief, but denied the injunction sought by Sheriff Clayton. The court explained its ruling as follows:

1. West Virginia Code § 7–7–7 governs the hiring of employees by the sheriff and other county officers in the counties of West Virginia.

2. West Virginia Code § 7–7–7 expressly states that the sheriff and other county officers may only hire employees upon the advice and consent of the county commission.

3. West Virginia Code § 7–7–7 is plain and unambiguous and permits a county commission to refuse to consent to an employee proposed to be hired by a sheriff.

4. Decisions of the West Virginia Supreme Court of Appeals have recognized the plain and unambiguous language of West Virginia Code § 6–3–1, holding that the county commission has the positive authority to consent or refuse to consent to an appointment by the sheriff of his deputy and its action in exercising such authority is not subject to judicial review, direction or control. *Hockman v. Tucker County Court*, [138 W.Va. 132,] 75 S.E.2d 82 (W.Va.1953). Further, the county commission may refuse to consent to such an appointment without expressing any reason for such refusal. *Hockman*, [138 W.Va. at syl. pt. 3,] 75 S.E.2d at syl. pt. 3;

see also *[State ex rel.] Dingess v. Scaggs*, [156 W.Va. 588,] 195 S.E.2d 724 (W.Va. 1973) and *Mozingo v. Barnhardt [sic]*, [169 W.Va. 31,] 285 S.E.2d 497 (W.Va.1981).

5. The language of West Virginia Code § 6–3–1 requiring consent of the county commission to the Sheriff's hiring of deputies is indistinguishable from W. Va.Code [§] 7–7–7's application to employees (i.e., including non-deputies) sought to be hired by the Sheriff.

6. The Webster County Commission expressed its refusal to consent to the hiring of Barbara Sawyer to Sheriff Clayton.

7. Sheriff Clayton has refused to cease employment of Barbara Sawyer despite the notification of the Webster County Commission of its refusal to consent to her hiring.

. . . .

The Court having further found, and the parties having agreed, that the issue before the Court is a question of law, this temporary injunction shall become permanent 60 days from March 6, 1998 unless one or the other party requests that further proceedings be scheduled on the issues presented herein.

Furthermore, in response to Plaintiff's [the Commission's] motion for a stay of the temporary injunction of 120 days, the Court GRANTS a stay of 60 days . . . .[5]

(Footnote added).

Following the circuit court's decision, Sheriff Clayton filed a motion to reconsider

4. Additionally, Ms. Sawyer requested the circuit court to permit her to intervene as a party interested in the litigation between the Commission and Sheriff Clayton.

5. Also by order filed March 20, 1998, the circuit court denied Ms. Sawyer's motion to intervene.

The Court f[ound] that the subject matter of Civil Action No. 98–C–7 commenced by the Webster County Commission against Caroline Clayton, as Sheriff of Webster County, is limited to the scope of Plaintiff's Complaint, namely the issue of whether the Sheriff may hire an employee in the face of an express refusal to consent to the hire by the Commission. The Court f[ound] that the movant, Barbara Sawyer, is not entitled to intervention in this action

pursuant to Rule 24 of the West Virginia Rules for [sic] Civil Procedure.
Despite its denial of Sheriff Clayton's requested injunction, the court nevertheless permitted Ms. Sawyer to remain in the Sheriff's employ from March 6, 1998, until May, 5, 1998, commensurate with the stay of the Commission's temporary injunction.
On a related issue, the Commission disputes the Sheriff's assertion that Ms. Sawyer was denied compensation for her services during the pendency of the litigation before the circuit court. Furthermore, the Commission represents that not only did it pay Ms. Sawyer while she was purportedly employed by the Sheriff, albeit without the Commission's consent to such arrangement, but it continued to compensate Ms. Sawyer for her services throughout the addition-

the court's ruling, contesting the court's interpretation and application of the governing statute, W. Va.Code § 7–7–7 (1982) (Repl. Vol.1993). A hearing having been held thereon, the circuit court, by order filed June 12, 1998, denied the Sheriff's motion. The court reiterated its earlier ruling by recounting that

> [t]he preliminary injunction enjoined Defendant [Sheriff Clayton] from maintaining Barbara Sawyer as an employee of the Webster County Sheriff's Department because the Webster County Commission refused to consent to her hiring by Defendant in January, 1998. The Court ruled that this action was within the authority of the Commission pursuant to controlling law of the State of West Virginia.

Consistent with its earlier ruling and its denial of the Sheriff's request for further consideration of its decision, the court then made permanent the preliminary injunction issued by order of March 20, 1998. From these orders of the circuit court, Sheriff Clayton appeals to this Court.

## II.

### STANDARD OF REVIEW

■ Procedurally, the instant appeal arises from the circuit court's disposition of the parties' requests for injunctive relief.

> " 'The granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ.' Point 4, syllabus, *State ex rel. Donley v. Baker*, 112 W.Va. 263[, 164 S.E. 154 (1932) ]." Syllabus Point 2, *Severt v. Beckley Coals, Inc.*, 153 W.Va. 600, 170 S.E.2d 577 (1969).

Syl. pt. 7, *Jefferson County Bd. of Educ. v. Jefferson County Educ. Ass'n*, 183 W.Va. 15, 393 S.E.2d 653 (1990). *Accord Weaver v. Ritchie*, 197 W.Va. 690, 693, 478 S.E.2d 363, 366 (1996); Syl. pt. 11, *Stuart v. Lake Washington Realty Corp.*, 141 W.Va. 627, 92 S.E.2d 891 (1956). Succinctly stated, "[t]he denial or granting of an injunction by a trial court is discretionary and will not be disturbed upon an appeal unless there is an absolute right for an injunction or some abuses shown in connection with the denial or granting thereof." Syl. pt. 6, *West Virginia Bd. of Dental Exam'rs v. Storch*, 146 W.Va. 662, 122 S.E.2d 295 (1961).

■ Given that the basis for the circuit court's decision to award the Commission the injunction it had requested was its interpretation of the statute defining the Commission's authority to approve or disapprove of appointees and employees proposed by the Sheriff, it is also necessary for us to evaluate the propriety of the circuit court's decision of law. In this regard, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Having set forth the standards of review applicable to this proceeding, we turn now to consider the merits of the parties' arguments.

## III.

### DISCUSSION

On appeal to this Court, Sheriff Clayton [6] complains that the circuit court misinterpreted W. Va.Code § 7–7–7 by upholding the Commission's disapproval of her employment of Ms. Sawyer and by enjoining her actions in this regard.[7] The Commission replies that the circuit court correctly interpreted and applied the governing statutory provisions

---

al sixty-day period during which the circuit court permitted her to remain in the Sheriff's employ.

**6.** The West Virginia Sheriff's Association, as amicus curiae herein, asserts essentially the same argument as does Sheriff Clayton.

**7.** Ms. Sawyer has not appeared as a party to the instant appeal. She has, however, filed a separate action against the Commission in the Webster County Circuit Court, alleging unlawful termination. *See Barbara J. Sawyer v. Webster County Comm'n*, No. 98–C–42 (Webster Co. Cir. Ct., W. Va. n.d.).

and properly enjoined Sheriff Clayton from hiring Ms. Sawyer.[8]

At the center of the controversy presented for our evaluation and determination is W. Va.Code § 7-7-7 (1982) (Repl.Vol.1993). This statute provides, in relevant part, that "[t]he ... sheriff ..., by and with the advice and consent of the county commission, may appoint and employ, to assist [him/her] in the discharge of [his/her] official duties for and during [his/her] respective term[s] of office, assistants, deputies and employees." W. Va. Code § 7-7-7. The focus of Sheriff Clayton's argument is the nature and scope of the Commission's authority hereunder. Thus, it is necessary to employ the rules of statutory construction to ascertain the meaning of this legislative enactment.

■ " ' "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syllabus point 6, *State ex rel. ACF Industries, Inc. v. Vieweg*, 204 W.Va. 525, 514 S.E.2d 176 (1999)." Syl. pt. 3, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). In order to safeguard the expressed legislative intention, it is imperative to view the precise language and terms employed in the statute at issue. Only when such language is ambiguous may we interpret and construe a statutory provision. Syl. pt. 7, *State ex rel. ACF Indus., Inc. v. Vieweg*, 204 W.Va. 525,

514 S.E.2d 176 (" 'A statute that is ambiguous must be construed before it can be applied.' Syllabus point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992)."); Syl. pt. 1, in part, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous...."). Hence, we must apply, rather than construe, a statute containing plain and unambiguous language. In other words,

> "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus point 5, *State of West Virginia v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

Syl. pt. 1, *VanKirk v. Young*, 180 W.Va. 18, 375 S.E.2d 196 (1988). *See also* Syl. pt. 4, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (" ' "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).' Syllabus point 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997).").

■ Having examined the language of W. Va.Code § 7-7-7 at issue in this appeal, we

---

8. Sheriff Clayton also argues that the principles of waiver and estoppel precluded the Commission from discharging Ms. Sawyer because her years of service in the Sheriff's Department's employ, after her initial hiring by the Commission in 1989, caused her to be a *de facto* employee, to whom the "advice and consent" provisions of W. Va.Code § 7-7-7 do not apply. *Citing* Syl. pt. 3, *Wheeler v. Exline*, 150 W.Va. 481, 147 S.E.2d 404 (1966) ("A person who *acts* as a deputy sheriff and performs the official duties of such office for a period of four years with the approval and consent of the principal, the sheriff, is a de facto deputy even though there was no formal appointment by the sheriff or formal consent or confirmation by the county court [now county commission]."). A review of the appellate record herein indicates that, although the Sheriff raised this issue in her Motion to Reconsider, there is no evidence that the circuit court considered and decided it. In the absence of a

preliminary determination of this matter by the lower tribunal, we are without the authority to determine the matter on appeal. *See* Syl. pt. 3, *Voelker v. Frederick Bus. Properties Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995) (" ' "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syllabus Point 1, *Mowery v. Hitt*, 155 W.Va. 103[, 181 S.E.2d 334] (1971).' Syl. pt. 1, *Shackleford v. Catlett*, 161 W.Va. 568, 244 S.E.2d 327 (1978)."); Syl. pt. 6, in part, *Parker v. Knowlton Constr. Co., Inc.*, 158 W.Va. 314, 210 S.E.2d 918 (1975) ("[T]he Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review.").

do not find the subject language to be ambiguous or capable of more than one interpretation. Therefore, we hold that the plain language of W. Va.Code § 7–7–7 (1982) (Repl. Vol.1993) permits a sheriff to appoint or employ individuals to assist him/her in the performance of his/her official duties only after he/she has obtained the advice and consent of the county commission to such appointment or employment.

 Applying this ruling to the case *sub judice*, it is apparent that Sheriff Clayton is allowed to hire persons to aide her in the execution of her duties as a constitutional officer of the State of West Virginia. *See* W.Va. Const. art. IX, § 1. Despite the constitutional magnitude of her position, however,

> "[t]he sheriff, though an important law enforcement officer, does not have the complete or the exclusive control of the internal police affairs of the county. By virtue of [Article IX, Section 11 of the West Virginia Constitution] the county court [now county commission] has the authority to superintend and administer, subject to such regulations as may be prescribed by law, the police affairs of the county." *Hockman v. Tucker County Court,* 138 W.Va. 132, 137, 75 S.E.2d 82, 85 (1953).

Syl. pt. 5, *State ex rel. Farley v. Spaulding,* 203 W.Va. 275, 507 S.E.2d 376 (1998). Furthermore, while the Sheriff and the Commission are joint employers of those individuals appointed or employed by the Sheriff, *see, e.g., Fury v. Wood County Court,* 608 F.Supp. 198, 199 (S.D.W.Va.1985) ("The statute controlling this issue, *W. Va.Code,* § 7–7–

7, makes it clear that as a general proposition the County Commission *and* the individual elected county officials are joint employers of those employees in the various county offices."); Syl. pt. 2, in part, *Amoroso v. Marion County Comm'n,* 172 W.Va. 342, 305 S.E.2d 299 (1983) ("County commissions and sheriffs are joint employers of deputy sheriffs . . . ."), it is the Commission who retains the ultimate responsibility for the compensation of these persons and the assurance of the orderly operation of the county government of Webster County, *see* W. Va.Code § 7–7–7 (describing procedure for appropriating funds for compensation of sheriff's appointees and employees); *State ex rel. Dingess v. Scaggs,* 156 W.Va. 588, 590, 195 S.E.2d 724, 726 (1973) ("County courts [now county commissions] are the central governing body of the county."). Therefore, the Commission, and not Sheriff Clayton, is possessed with the ultimate authority to approve or disapprove of the Sheriff's proffered personnel choices. *See Dingess,* 156 W.Va. at 590, 195 S.E.2d at 726 ("[I]t appears that the legislative intent was for the county court [now county commission] initially to confirm or refuse to confirm a sheriff's appointees as part of our system of checks and balances. Without that authority, the county court [now county commission] cannot effectively discharge its overall responsibilities in governing the county.").[9]

For these reasons, then, Sheriff Clayton was required to comply with the governing statutory provision, W. Va.Code § 7–7–7, and to obtain the Commission's approval before employing Ms. Sawyer. Because the Sheriff hired Ms. Sawyer without the Commission's

---

9. While W. Va.Code § 7–7–7 does not specifically require a county commission to provide the reasons attending its rejection of a proffered appointee or employee, we admonish county commissions that they cannot exercise their veto power based upon improper or impermissible reasons. *See, e.g.,* Syl. pt. 2, in part, *Adkins v. Miller,* 187 W.Va. 774, 421 S.E.2d 682 (1992) (holding that "*W. Va.Code,* 7–7–7 [1982] may not be interpreted as permitting a governmental employer to make employment decisions based solely upon political reasons, unless the employees hold certain types of positions"). Moreover, in light of the constitutional nature of the office of sheriff, we encourage county commissions to defer to a sheriff's selections for potential appointees and

employees in recognition of the esteemed status of this office. *See, e.g.,* Syl. pt. 6, *State ex rel. Farley v. Spaulding,* 203 W.Va. 275, 507 S.E.2d 376 (1998) ("A county commission has the authority to employ individuals to perform security functions for the county judiciary, *but this authority is limited insofar as it cannot properly be exercised in a manner which impairs or supplants the power and duty of the county sheriff,* under *W. Va.Code* § 51–3–5 (1923) and Rule VII of the West Virginia *Trial Court Rules* (1960), to select one or more deputy sheriffs to serve as court bailiff and to provide a sufficient number of bailiffs for every court of record in the county." (emphasis added)).

advice and consent and because the Commission ultimately disapproved of the Sheriff's hiring of Ms. Sawyer, we find that the circuit court properly interpreted the applicable law. Further, we conclude that the circuit court did not abuse its discretion by enjoining Sheriff Clayton from "maintaining Barbara Sawyer as an employee of the Webster County Sheriff's Department."

## IV.

### CONCLUSION

Based upon the plain language of W. Va. Code § 7-7-7 (1982) (Repl.Vol.1993), Sheriff Clayton was required to obtain the advice and consent of the Webster County Commission before hiring Ms. Sawyer. Sheriff Clayton having failed to obtain this approval and the Commission having denied its consent to this proposed hiring, the circuit court properly enjoined Sheriff Clayton from employing Ms. Sawyer. Accordingly, the decisions of the Circuit Court of Webster County issuing a temporary injunction, on March 20, 1998, and rendering such injunction permanent, on June 12, 1998, are hereby affirmed.

Affirmed.